| Case No. | **CV 17-5672-DMG**<br>**2:16-bk-19016-WB** | Date | October 18, 2018 |
|---|---|---|---|

| Title | *In re Francisco Alvarez* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant(s) | Attorneys Present for Appellee(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE BANKRUPTCY APPEAL**

Before the Court is *pro se* Appellant Francisco Alvarez's appeal of a Bankruptcy Court's order granting Appellee Wells Fargo Bank, N.A.'s motion for relief from an automatic stay, and an order denying Appellant's motion for reconsideration of that decision. For the reasons discussed herein, this Court **AFFIRMS** the decisions of the Bankruptcy Court.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, Martha Alvarez, Appellant's spouse, executed a promissory note in the amount of $860,000 in favor of lender World Savings Bank, FSB, which was secured by deed of trust on real property located in Walnut, California (the "Property"). Bosier Decl., Ex. 1 at 20–38 (deed of trust) [Doc. # 29]; Bosier Decl., Ex. 2 at 40–45 (promissory note) [Doc. # 29]; Appellant's Rebuttal Brief at 4 (conceding that Martha Alvarez is Appellant's wife) [Doc. # 30].[1] Through a series of mergers and corporate name changes, Appellee became the holder of the note and the beneficiary of the deed of trust. Bosier Decl., Ex. 3 at 47–51 (official letters of acknowledgment to that effect) [Doc. # 29]. Martha Alvarez later transferred a 20% interest in the Property to Appellant via a grant deed that was recorded on March 19, 2013. Bosier Decl., Ex. 7 at 74–75 (grant deed) [Doc. # 29].

On February 5, 2016, a notice of default was recorded for the Property. *Id.* On May 17, 2016, a notice of sale was recorded. *Id.* On July 7, 2016, a foreclosure sale was conducted, at which Appellee purchased the Property. *See id.*; Bosier Decl., Ex. 4 at 53–54 (trustee's deed upon sale) [Doc. # 29]. On that same date, Appellant filed a petition under

---

[1] With the exception of citations to hearing transcripts, all page references herein are to page numbers inserted by the CM/ECF system.

Chapter 13 of the Bankruptcy Code. Chapter 13 Petition, 2:16-bk-19016-WB [Doc. # 1].[2] On October 25, 2016, the Bankruptcy Court dismissed the petition. Order & Notice of Dismissal, 2:16-bk-19016-WB [Doc. # 41].

On May 18, 2017, Appellee filed a motion for relief from the automatic stay imposed by Appellant's Chapter 13 petition. *See* Mot. for Relief at 4–11 [Doc. # 29]. Appellee argued that it was entitled to the retroactive annulment of the automatic stay because Appellee had no knowledge of the bankruptcy petition prior to the foreclosure sale and Martha Alvarez had previously delayed foreclosure proceedings by transferring interests in the Property to others who filed for bankruptcy. *See id.* After holding a hearing, the Bankruptcy Court granted the motion on June 19, 2017. *See* Order Granting Mot. for Relief at 78–80 [Doc. # 29.] On June 21, 2017, Appellant filed a motion for reconsideration, arguing (*inter alia*) that Appellee lacked standing to bring the motion for relief and that Appellant filed his petition in good faith. *See* Mot. for Recons. at 4–24 [Doc. # 29-1].

On July 28, 2017, Appellant filed a Notice of Appeal of the order granting Appellee's motion and of the Bankruptcy Court's purported "[r]efusal to rule on [Appellant's] motion to reconsider."[3] [Doc. # 1.] On August 28, 2017, the Bankruptcy Court denied Appellant's motion for reconsideration. Order Denying Mot. to Recons. at 26–28 [Doc. # 29-1]. The instant appeal has since been fully briefed.[4] [Doc. ## 27, 28, 30.]

---

[2] The Court takes judicial notice of the Bankruptcy Court's docket. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (noting "it is well established that we may take judicial notice of judicial proceedings in other courts").

[3] Although Appellant did not file the Notice of Appeal within fourteen days of the entry of the order granting Appellee's motion, that deadline was tolled during the pendency of Appellant's motion for reconsideration. *See* Fed. R. Bankr. P. 8002(a)–(b). Moreover, the Notice of Appeal's failure to identify the order denying reconsideration does not deprive this Court of jurisdiction to review it. This is because Appellant's intent to appeal that order can be fairly inferred from his Notice of Appeal and briefing, and Appellee's reliance on that order in its briefing indicates that it was not prejudiced by the omission. *See Garlock v. Thomas*, 575 B.R. 913, 921–23 (N.D. Cal. 2017) (holding that jurisdiction is proper under such circumstances); *see, e.g.*, Notice of Appeal at 2 (complaining of the Bankruptcy Court's failure to reconsider its prior ruling) [Doc. # 1]; Appellee's Responsive Brief at 9–13 (relying on findings articulated in the order denying reconsideration) [Doc. # 28].

[4] Appellant apparently requests an additional seven days to brief his appeal. *See* Appellant's Opening Br. at 3–4 [Doc. # 27]. Appellant does not explain why he did not file a separate and clearly identified request for such an extension. *See id.*; *see, e.g.*, Request at 1–2 (previously requesting an extension of time to file certain materials) [Doc. # 16]. In any event, this request is **DENIED** because the Court already granted Appellant multiple extensions of time to prosecute this appeal [Doc. ## 15, 26], and Appellant had ample time to prepare a rebuttal brief.

## II.
## STANDARD OF REVIEW

"A decision retroactively to lift the automatic stay is reviewed for an abuse of discretion." *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). Likewise, "[a] bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion." *In re Negrete*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995). The abuse-of-discretion standard requires a reviewing court to conduct a two-step inquiry: (1) determine *de novo* whether the lower court "identified the correct legal rule to apply to the relief requested" and (2) ascertain "whether the bankruptcy court's application of the legal standard was illogical, implausible or 'without support in inferences that may be drawn from the facts in the record.'" *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 86, 868 (9th Cir. B.A.P. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (*en banc*)). "The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*." *Garlock*, 575 B.R. at 918.

## III.
## DISCUSSION

Appellant contends that Appellee lacked standing to move for relief from the automatic stay and that the Bankruptcy Court otherwise erred in granting such relief. *See* Appellant's Opening Br. at 3–4 [Doc. # 27]. The Court addresses each of these arguments in turn.

### A.     Appellee Had Standing to Request Relief from the Automatic Stay

Under 11 U.S.C. section 362(d), a "party in interest" can request relief from the automatic stay. A movant is a "party in interest" if it has a "colorable claim" that it "owns or has another form of property interest in a note secured by the debtor's (or the estate's) property." *See In re Edwards*, 454 B.R. 100, 105 (9th Cir. B.A.P. 2011). Appellee presented evidence to the Bankruptcy Court that it was the beneficiary of a deed of trust on the Property. *See supra* Part I. Therefore, Appellee was a party in interest that had standing to seek relief from the automatic stay.[5]

---

[5] Appellant's opening brief suggests that because Appellee supposedly failed to respond to a Qualified Written Request made under the Real Estate Settlement Procedures Act, Appellee admitted that it has no standing to enforce the underlying promissory note. *See* Appellant's Opening Br. at 14 [Doc. # 27]. The Court rejects this

**B.     The Bankruptcy Court Did Not Abuse Its Discretion in Annulling the Automatic Stay and Denying the Motion for Reconsideration**

A bankruptcy court may retroactively annul an automatic stay for "cause." *See* 11 U.S.C. § 362(d)(1). To determine whether "cause" exists, the bankruptcy court must balance the equities of the parties. *See In re Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055. Bankruptcy courts may consider multiple factors, including (*inter alia*): whether the creditor was aware of the bankruptcy petition and automatic stay, whether the debtor engaged in unreasonable or inequitable conduct, the debtor's overall good faith, the relative ease of restoring parties to the *status quo ante*, and whether annulment of the stay will cause irreparable injury to the debtor. *See In re Fjeldsted*, 293 B.R. 12, 24–25 (9th Cir. B.A.P. 2003).

At the hearing on Appellee's motion, the Bankruptcy Court explicitly identified the factors discussed above. *See* Hr'g Tr. at 4:23–5:16 [Doc. # 29-1]. It found that "the factors weigh[ed] heavily in favor" of Appellee and that Appellant filed the petition as part of a "plan to keep the [Appellee] from foreclosing." *See id.* at 5:17–18, 7:12–13. In particular, the Bankruptcy Court found that Appellee had no notice of Appellant's petition before the foreclosure sale, Appellant was not liable on the underlying note, Appellant did not propose a feasible and confirmable payment plan or provide documents relating thereto, he missed multiple payments under the plan, he failed to appear at the confirmation hearing, and there was evidence that Martha Alvarez had made multiple transfers of interests in the Property to persons who filed for bankruptcy. *See id.* at 5:17–8:6; *see also* Bosier Decl. at 16 (attesting that several transferees had filed for bankruptcy) [Doc. # 29]; Bosier Decl., Ex. at 63–76 (grant deeds to multiple transferees, including several who declared bankruptcy) [Doc. # 29]. The Bankruptcy Court reiterated these findings in its order denying Appellant's motion for reconsideration. *See* Order Denying Mot. for Recons. at 26–28 [Doc. # 29-1].

These factual findings are presumptively correct, and Appellant bears the burden of demonstrating that they are clearly erroneous. *See In re Christian & Porter Aluminim Co.*, 584 F.2d 326, 335 ("Appellants bear the burden of establishing that the findings [below] are clearly erroneous, in that there was no substantial basis in the evidence to sustain the findings . . . ."); *Gold v. Gerson*, 225 F.2d 859, 861 (9th Cir. 1955) ("[F]indings [in bankruptcy proceedings] are presumptively correct and will not be set aside unless clearly erroneous."); *In re Jake's Granite Supplies, L.L.C.*, 442 B.R. 694, 701–02 (D. Ariz. 2010) (rejecting the appellants' challenges to a

---

dubious assertion because Appellant fails to support it with any citation to authority. *See* Fed. R. Bankr. P. 8014(a)(8) (opening briefs must include citations to authority).

bankruptcy court's factual findings because they had "not met their burden" of showing that the findings were "clearly erroneous"). Appellant attempts to discharge this burden by stating in a conclusory fashion that he did not file his bankruptcy petition in bad faith. *See* Appellant's Rebuttal Br. at 8. The Bankruptcy Court's findings in this regard thus remain undisturbed. Because they amply support the decision to annul the automatic stay, the Bankruptcy Court did not abuse its discretion.

## IV.
## CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the Bankruptcy Court's order granting Appellee's motion for relief from the automatic stay and its order denying Appellant's motion for reconsideration.

**IT IS SO ORDERED.**


cc: Bankruptcy Court